# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued March 12, 2018              Decided May 11, 2018

No. 17-1089

SANTA FE DISCOUNT CRUISE PARKING, INC., D/B/A EZ CRUISE
PARKING AND SYLVIA ROBLEDO, D/B/A 81ST DOLPHIN
PARKING,
PETITIONERS

v.

FEDERAL MARITIME COMMISSION AND UNITED STATES OF
AMERICA,
RESPONDENTS

BOARD OF TRUSTEES OF THE GALVESTON WHARVES AND
GALVESTON PORT FACILITIES CORPORATION,
INTERVENORS

———

On Petition for Review of an Order
of the Federal Maritime Commission

———

*Gerald A. Morrissey III* argued the cause and filed the briefs for petitioners.

*William H. Shakely*, Deputy General Counsel, Federal Maritime Commission, argued the cause for respondents. With him on the brief were *James J. Fredricks* and *Robert J. Wiggers*, Attorneys, U.S. Department of Justice, *Tyler J. Wood*,

General Counsel, Federal Maritime Commission, and *Daniel S. Lee*, Attorney-Advisor.

*Anthony P. Brown* argued the cause for intervenor. With him on the brief were *David E. Cowen*, *Amanda D. Wright*, and *Jocelyn A. Holland*.

Before: KAVANAUGH and MILLETT, *Circuit Judges*, and SENTELLE, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*: This is not a complicated case. The Galveston Port charges commercial passenger vehicles such as taxis, limos, and shuttle buses for access to the Port's parking terminal. Petitioners operate shuttle buses. The Port charged Petitioners' shuttle buses more than the Port charged taxis and limos. Petitioners challenge that differential treatment.

Under the Shipping Act, a marine terminal operator such as the Galveston Port may not "give any undue or unreasonable preference or advantage or impose any undue or unreasonable prejudice or disadvantage with respect to any person." 46 U.S.C. § 41106(2). A disadvantaged party may bring a Section 41106(2) rate-discrimination complaint against the marine terminal operator before the Federal Maritime Commission. In adjudicating those complaints, the Commission applies a multi-part test that is not challenged by the parties here. To make out a Section 41106(2) claim, the complaining party must establish that the complainant and another party are similarly situated or in a competitive relationship; that the parties are accorded different treatment by the respondent marine terminal operator; and that the differential treatment injures the complaining party. If the

complaining party makes that showing, the respondent marine terminal operator has the burden of justifying the differential treatment based on legitimate transportation factors. *See Ceres Marine Terminal, Inc. v. Maryland Port Administration*, 27 S.R.R. 1251 (FMC 1997).

Here, Petitioners contend that they met their burden of showing that they were similarly situated to or in a competitive relationship with taxis and limos; that they were accorded different treatment; and that the differential treatment injured Petitioners. Petitioners argue that the burden is therefore on the Galveston Port to justify the differential treatment based on legitimate transportation factors.

The Federal Maritime Commission accepted that Petitioners' shuttle buses were treated differently than taxis and limos. But the Commission then strangely concluded that Petitioners were not injured by being charged more. The Commission's conclusion is not sustainable. Petitioners were plainly injured when they were charged more than the other commercial passenger vehicles. To be sure, under the statute and the *Ceres* test, the Galveston Port may be able to show that the differential treatment of Petitioners' shuttle buses is justified by legitimate transportation factors. But the Commission never reached that step of the analysis. On remand, the Commission may consider the Port's argument to that effect.

We grant the petition, vacate the order of the Federal Maritime Commission, and remand for further proceedings consistent with this opinion.

*So ordered.*